



U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

December 14, 2006

**FILED**

FEB 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BY FAX
Lara Quint, Esq.
Federal Public Defender
625 Indiana Ave., N.W.,
Suite 550
Washington, DC 20004

*07cr30* [handwritten]

    Re:    Paris K. Felder

Dear Ms. Quint:

    This letter sets forth the plea agreement this Office is willing to enter into with your client, Paris Felder ("your client" or "the defendant"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me no later than January 12, 2007. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

    1. **Charges**. Your client agrees to plead guilty to an Information charging him with Intimidating, Coercing, Threatening or Harassing a Foreign Official, in violation of 18 U.S.C. § 112(b)(1). The Information, a copy of which is attached, will be filed in the United States District Court for the District of Columbia prior to the plea hearing. The government agrees not to bring any additional charges against your client in connection with his encounter on February 1, 2006, at the Washington Hilton Hotel with a diplomat assigned to the Embassy of Tajikistan.

    2. **Potential penalties, assessments, and restitution**. Your client understands that pursuant to 18 U.S.C. §§ 112(b)(1), 3559(a)(7), 3571(b)(6), and 3583(b)(3), Intimidating, Coercing, Threatening or Harassing a Foreign Official carries a maximum sentence of not more than six months imprisonment, a fine of not more than $5,000, or both, and a period of supervised release of not more than one year. In addition, pursuant to 18 U.S.C. § 3013(a)(1)(A)(ii), your client agrees to pay a special assessment of $10 to the Clerk of the United States District Court of the District of Columbia prior to the date of sentencing.

    3. **Release/Detention and Actions Pending Sentencing.** The government will not seek your client's detention pending sentence if your client complies with all release conditions set by the Court at the time of your client's guilty plea and with the terms of this agreement, and commits no

further crimes. However, your client acknowledges that the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's guilty plea.

4. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to plead not guilty and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

5. **Sentencing**. Your client and the government agree that the United States Sentencing Guidelines do not apply to this Class B misdemeanor. U.S.S.G. §1B1.9. Your client fully and completely understands that the final determination of his sentence will be made by the Court. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

If your client complies with the terms and conditions of this agreement, complies with all release conditions, continues to accept responsibility for his criminal conduct, has no prior felony convictions, and commits no other criminal acts, then the United States will not object to a sentence of probation conditioned upon your client's payment of restitution to the victim in the amount of any out-of-pocket medical expenses, his successful completion of an anger management course recommended by the Probation Office, and his completion of 100 hours of community service approved by the Probation Office. Your client understands that the Court remains free to impose a sentence of imprisonment up to the statutory maximum.

6. **Reservation of allocution**. Except as set forth in paragraph five, your client understands that the United States reserves its full right of allocution for purposes of sentencing. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in

presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case.

7. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; U.S. Immigration and Customs Enforcement; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. If your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will subject your client to detention, deportation and other sanctions at the direction of the U.S. Immigration and Customs Enforcement.

8. **Breach of agreement**. Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

3

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him/her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

9. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

Angela G. Schmidt
Assistant U.S. Attorney
Texas Bar #17764980
United States Attorney's Office
555 4th St., N.W., 4th floor
Washington, D.C. 20530
(202) 514-7273
Angela.Schmidt@usdoj.gov

4

### Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am entering this agreement because I am guilty of the crime to which I am pleading guilty.

2/21/07
Date

Paris K. Felder

### Defense Counsel's Acknowledgment

I am Paris Felder's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

2/21/07
Date

Lara Quint
Counsel for Mr. Felder

IN THE UNITED STATES DISTRICT COURT<br>
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : **CRIMINAL NO.:** |
| | : |
| v. | : |
| | : |
| **PARIS K. FELDER,** | : |
| | : |
| Defendant. | : |

**FACTUAL PROFFER**<br>
**IN SUPPORT OF GUILTY PLEA**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this statement of facts which the United States would have presented if this matter had gone to trial.

On February 1, 2006, the Hilton Hotel, located at 1919 Connecticut Avenue, N.W., Washington, D.C., hosted a luncheon as part of the events preceding the National Prayer Breakfast, which was scheduled for the following morning. The Embassy of Tajikistan received an invitation to attend both events. At approximately noon, Mr. Mahmadnazir Sharipov, the Deputy Chief of Mission for the Embassy of Tajikistan, went to the Hilton Hotel to pick up the ambassador's tickets for the events. Mr. Sharipov was driven to the hotel by Mr. Zafarjon Saidov, who is employed at the Embassy in an administrative capacity and holds diplomatic status. Mr. Saidov, who was driving a Toyota minivan with diplomatic license plates, dropped Mr. Sharipov off at the T Street, N.W., entrance to the hotel, and then parked the van in the semi-circular driveway to wait for Mr. Sharipov's return.

As Mr. Saidov was waiting, the defendant, who was employed as a security guard at the Hilton Hotel, came out of the hotel, approached the van and knocked on the driver's window. Mr.

Saidov lowered the window, and the defendant directed him to move the van. After a brief conversation, the defendant pushed Mr. Saidov on the left side of his face, without warning. Mr. Saidov pushed the defendant away from the window, raised the window and locked the door. He then retrieved his cell phone and a phone number for the Secret Service, which acts as the police force for the diplomatic community, and immediately began to dial for help.

Soon thereafter, Mr. Saidov came out of the hotel and began walking toward the passenger side of the van. As he did so, he noticed the defendant leaning toward the driver's window and talking in an emotional manner. Mr. Sharipov went to the passenger door and tried to get in the van, but was unable to do so because the door was locked. He then directed Mr. Saidov, who was talking on his cell phone, to open the door. Mr. Saidov instead lowered the passenger window and exclaimed, "he hit me!" Mr. Sharipov asked, "who hit you?" and Mr. Saidov replied, "this man hit me," while gesturing toward the defendant.

Mr. Sharipov then asked the defendant why he had hit Mr. Saidov. The defendant replied that Mr. Saidov had parked in the wrong space and did not listen to him. After a brief conversation, Mr. Sharipov asked for the defendant's name. The defendant pointed to his badge. Mr. Sharipov read the defendant's name, then got in the car and directed Mr. Saidov to leave the hotel. As the two drove away, Mr. Saidov called the Secret Service and reported the incident.

2

Once they had returned to the embassy, Mr. Sharipov saw a red mark on Mr. Saidov's ear. Mr. Saidov also complained of pain. Mr. Saidov obtained medical treatment in the following days at Kaiser Permanente, and then returned to Tajikistan for two weeks of additional treatment.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

*Angela Schmidt*

ANGELA G. SCHMIDT
(202) 514-7273
Angela.Schmidt@usdoj.gov

BRUCE R. HEGYI
(202) 305-9637
Bruce.Hegyi@usdoj.gov

Assistant U.S. Attorneys
Federal Major Crimes Section
555 4th Street, N.W., 4th Floor
Washington, D.C. 20530

3

## Defendant's Acceptance

I have read this Factual Proffer in Support of Guilty Plea and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Factual Proffer and all matters relating to it. I fully understand this Factual Proffer and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Factual Proffer fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

2/21/07
Date

_Paris K. Felder_
Paris K. Felder

## Defense Counsel's Acknowledgment

I am Paris Felder's attorney. I have reviewed every part of this Factual Proffer in Support of Guilty Plea with him. It accurately and completely sets forth the Factual Proffer agreed to by the defendant and the Office of the United States Attorney for the District of Columbia.

2/21/07
Date

Lara Quint, Esq.

4